IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-20066-KHV |
| | ) | |
| EDUARDO PEREZ-ALCALA, | ) | |
| HECTOR AGUILERA, | ) | **ORDER GRANTING** |
|     a/k/a "Chino," | ) | **CONTINUANCE AND** |
| GERARDO FLORES-AVILA, | ) | **DESIGNATION OF EXCLUDABLE** |
|     a/k/a "Cholo," | ) | **TIME** |
| JORGE CISNEROS-SAUCEDO, | ) | |
|     a/k/a "El Banano," | ) | |
| JUAN RUDOLFO MARTINEZ-BEJARANO, | ) | |
|     a/k/a "Fito," | ) | |
| DANIEL MUNOZ-RODRIGUEZ, | ) | |
|     a/k/a "Danny," a/k/a "Panda," | ) | |
| JUANA PEREZ-ALCALA, | ) | |
|     a/k/a "El Campesina," | ) | |
| DJUANE E. SYKES, | ) | |
|     a/k/a "Juan," | ) | |
| JUAN FLORES, | ) | |
| BERNIE COTTO-CABRERA, | ) | |
| MARTIN MUNOZ-RODRIGUEZ, | ) | |
| JORGE REYES, | ) | |
| LUIS FELIPE CRUZ, | ) | |
| JESSE TREVINO, | ) | |
| JAVIER LIMAS-CARMONA, | ) | |
| LUIS CARRILLO, | ) | |
| ADRIANA FIERRO-DECARLOS, | ) | |
| NOLBERTO GARCIA, | ) | |
| THOMAS SETH HARRIS, | ) | |
| ROBERT VASQUEZ, | ) | |
| OMAR FLACO, | ) | |
| JESUS BARRERA-BARRON, | ) | |
| HIRAM MARTINEZ-BEJARANO, | ) | |
|     a/k/a "Orejon," | ) | |
| ALFREDO MARQUEZ | ) | |
|     a/k/a "Botas," | ) | |

O:\CRIMINAL\12-20066-KHV-128-ComplexCase.wpd

-2-

| | |
|---|---|
| ILDEFONSO GUEVARA-QUINTANA, | ) |
|     a/k/a "Guero," | ) |
| JOSE JUAN ROJAS-ROSARIO, | ) |
| RALPH MAYO, | ) |
|     a/k/a "R.J.," | ) |
| JAMES STALLINGS, | ) |
| ATAVEN TATUM, | ) |
|     a/k/a "Taterhead," | ) |
| MARVIN LEE ELLIS, | ) |
|     a/k/a "Messy," | ) |
| JULIUS SMITH, | ) |
| JUVON SMITH, | ) |
| THEOPLIS L. ELLIS, | ) |
| RICHARD KIRKENDOLL, | ) |
|     a/k/a "Little Trey," | ) |
| JOHN DORAN, | ) |
| LUCINDA SCOTT, | ) |
| VERNON BROWN, | ) |
|     a/k/a "Onion," | ) |
| RIKO CARTER, | ) |
| KYLE STEPHEN, | ) |
| CARLOS GILCHRIST, | ) |
| ARMANDO MARTINEZ, | ) |
| RALPH McKINNEY, | ) |
| JAVIER CHALACA-RODRIGUEZ, | ) |
| VICTOR A. HERNANDEZ-DELGADO, | ) |
|     a/k/a "Cuban," | ) |
| LAZARO GARCIGA, | ) |
| ERNESTO HACHA-ALACRON, | ) |
| TOHIMA CORRALEZ, | ) |
| DELFINO HERNANDEZ-MARTINEZ, | ) |
| and | ) |
| FRANCISCO JAVIER LOZOYA-RENTERIA, | ) |
| a/k/a "Pancho," | ) |
| | ) |
|                 Defendants. | ) |

This is a firearms trafficking case. Mindful that the Speedy Trial Act generally

requires that a criminal trial commence within seventy days of the defendant's initial appearance on an indictment, 18 U.S.C. § 3161(h), the Government has filed a motion seeking to extend certain deadlines and to designate excludable time under 18 U.S.C. § 3161(h)(7), due to the unusual and complex nature of the case **(doc. 128)**. Almost all of the forty-nine named defendants[1] have indicated to the undersigned U.S. Magistrate Judge, James P. O'Hara, either expressly through email from defense counsel or by their silence within the time allotted, that they do not object to the Government's motion or the proposed order concerning same which was circulated by the prosecutor.  And the court has duly considered the responses timely filed on behalf of five of the defendants, namely, Juana Perez-Alcala (doc. 215), Ralph McKinney (doc. 226), Omar Flaco (doc. 228), Thomas Seth Harris (doc. 229), and Nolberto Garcia (doc. 236), along with the Government's combined reply (doc. 251).  At least as the defendants are currently charged, there is no serious disagreement that this case should be designated as "complex" as that term is used in 18 U.S.C. § 3161(h)(7)(B)(ii).  But there are a few relatively minor disputes about the way in which the case should be managed.  As explained in more detail below, the Government's motion is granted in part and denied in part.

---

[1] As set forth in the court's ECF docket and the superceding indictment filed on June 13, 2012 (doc. 245), the defendants in this case have been assigned Nos. 1-50. Shawn Crenshaw was defendant No. 33 on the ECF docket by virtue of having been named in the original indictment filed on May 30, 2012 (doc. 125).  However, on the Government's motion, the charges against Mr. Crenshaw were dismissed, without prejudice, based on insufficient evidence, on June 18, 2012 (see docs. 224 and 252).  Mr. Crenshaw evidently never was arrested (see doc. 254).

As requested by the United States, the court finds the ends of justice served by granting a continuance outweigh the interest of the public and the defendants in a speedy trial. Therefore, the court grants a continuance and an "ends-of-justice" speedy trial exclusion under 18 U.S.C. § 3161(h)(7)(A), running from the date this order is filed until the date of the pretrial motions hearing set below.[2] In this regard, and mindful of the Tenth Circuit's admonition that the ends-of- justice exception is meant to be a rarely used tool for those cases demanding more flexible treatment,[3] this court agrees with the Government which has represented the following as justifying a finding that this is an unusual and complex case:[4]

>   (1)   As indicated by the superceding indictment (doc. 245), there are forty-nine defendants in this case. Many are on fugitive status.
>
>   (2)   Approximately half the defendants speak little or no English fluently. They are expected to need the services of interpreters at court proceedings and to communicate with their attorneys in pretrial matters.
>
>   (3)   This case is a culmination of several federal and state investigations that

---

[2] The filing of the instant motion stopped the Speedy Trial Act clock until this order is filed, i.e., the time between May 30, 2012 and July 9, 2012 is excludable. *See* 18 U.S.C. § 3161(h)(1)(D) & (H).

[3] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

[4] These factual findings most directly fall under the factors the court must consider under 18 U.S.C. § 3161(h)(7)(B)(ii), focusing on whether the case is "unusual or complex." The court further finds under 18 U.S.C. § 3161(h)(7)(B)(i) that failure to grant the requested continuance would be likely to make continuation of the proceeding impossible or result in a miscarriage of justice. The court finds that the factors mentioned in 18 U.S.C. § 3161(h)(7)(B)(iii) & (iv) are inapplicable in this case.

include various jurisdictions and which involved several Title III wire tap investigations, involving some thirty-nine intercepted telephones. There is an unusually large volume of documentary evidence that defense counsel will need to review and discuss with the defendants, which will also need to be interpreted to those unable to read the English language. There is also a large volume of evidence that is in Spanish, much of which has been translated into the English language, which defense counsel will need the opportunity to review and determine the accuracy of said translations. In addition, there is extensive video surveillance which defense counsel will need an opportunity to review. There are more than twenty audio/video recordings of significant events and approximately 15,000 intercepted telephone calls, with approximately 8,000 being documented as pertinent calls.

(4) The superceding indictment alleges a firearms trafficking conspiracy that covers a long period of time, from January 2009 through May 31, 2012, along with a number of substantive offenses in furtherance of that conspiracy.

The Government, which filed the instant motion on May 30, 2012, proposed a time line which included a thirty-day time period to provide discovery to defense counsel, with additional discovery to be provided as the same becomes available. During an initial appearance on the superceding indictment conducted for some of the defendants on July 6 and 9, 2012, the Government indicated it was in the process of delivering to defense counsel roughly 80-85% of the extremely voluminous discovery material assembled to date, and that

the majority of the remainder would be available for production within two weeks. The Government has proposed a trial date of August 2013, with a pretrial-motions date of sixty days prior to the commencement of the jury trial.

Based upon the arguments and statements of counsel, the court is satisfied that there has been a sufficient representation to the court to warrant granting the motion under 18 U.S.C. § 3161(h)(7)(A) & (B)(ii).

Because of these factors, the court finds this case is so unusual and so complex, due to the number of defendants, the number of defendants that do not speak English, the extensive discovery from the lengthy conspiracy, and the possible novel questions of law or fact that could arise, that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by 18 U.S.C. § 3161. Accordingly, under 18 U.S.C. § 3161(h)(7)(A) & (B)(ii), the court finds that the ends of justice served by granting this continuance outweigh the interest of the public and the defendants in a speedy trial, for the reasons stated herein.

For the reasons stated above, the period of time for all extensions and continuances mentioned within this order is excluded under 18 U.S.C. § 3161(h)(7)(A) & (B)(ii) in computing the time within which the trial of this case must commence. The court sets the following deadlines:

Mindful that due to the sheer volume involved production will continue on a "rolling" basis, the Government shall complete its above-described initial discovery production to defense counsel by **July 23, 2012**. And equally mindful that the Government has stated that

it is voluntarily producing more documents than it is legally required to produce (to facilitate resolution of charges against the various defendants), absent further order of the court *all* discovery which the Government is *required* to provide shall be completed by **January 2, 2013**.[5]  On **January 9, 2013, at 9:00 a.m.**, the undersigned magistrate judge will hold a status conference, to verify that discovery is complete and that pretrial motions are ready to be filed.  All pretrial motions and notices by defendants shall be filed by **March 1, 2013**.  The Government's responses to such motions and notices shall be filed by **April 1, 2013**.  The presiding U.S. District Judge, Kathryn H. Vratil, will hold a hearing on all timely filed pretrial motions and notices in Courtroom 476 on **May 7, 2013, at 1:30 p.m.**; if no motions or notices are timely filed, a status conference will be held at that time.  Any requests for modifications of this order shall be filed at least 14 days prior to this hearing. The jury trial of this case is scheduled for **August 5, 2013, at 9:30 a.m.**

Defendants Juana Perez-Alcala, Ralph McKinney, Omar Flaco, Thomas Seth Harris, and Nolberto Garcia have expressed a concern that the discovery being produced by the Government might indicate that the charges against them are much more limited than alleged in the superceding indictment, i.e., showing that they are not actually co-conspirators in the alleged broad conspiracy.  To address this concern, the court would only note at this time that nothing in this order is intended or shall be construed as limiting the right of *any* defendant to later file a timely motion for severance of parties or counts under Fed. R. Crim P. 14(a),

---

[5] Concurrent with this order, the court is separately filing its standard discovery order outlining the information the Government must provide to defendants.

dismissal of duplicative counts, or for a separate trial earlier than August 2013. Further, nothing in this order is intended or shall be construed as amounting to a waiver by any defendant of the right to a speedy trial under the Sixth Amendment[6] or the Speedy Trial Act.

IT IS SO ORDERED.

Dated July 9, 2012, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[6] *See* 18 U.S.C. § 3173.